UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL KYLE SHEARIN,**

    Plaintiff,

v.                                        Civil Action No. 3:17-cv-__**283**__

**WILLIAMS & FUDGE, INC.,**
Please Serve:
Secretary of the Commonwealth of Virginia
as statutory agent for Williams & Fudge, Inc.

    Defendant.

## COMPLAINT

Now comes Michael Kyle Shearin ("Shearin"), by counsel, and sets forth to the Court the following:

### I. Preliminary Statement

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. 1692 *et seq.* (Federal Fair Debt Collection Practices Act – "FDCPA").

### II. Jurisdiction

2. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

### III. Parties

3. Shearin is a natural person who resides in the Commonwealth of Virginia.

4. Williams & Fudge, Inc. ("Williams & Fudge") is a for-profit corporation and debt collector (as that term is defined in 15 U.S.C. § 1692a(6)) doing business in the Commonwealth of Virginia.

### IV. Venue

5. Venue is proper in this because the Defendant's registered office, by operation of law, is within the boundaries of the Eastern District of Virginia; Shearin resides in this District and Division; and a significant part of Shearin's claim occurred in Chesterfield County, Virginia.

### V. Facts

6. Williams & Fudge sought to collect on student loan obligations incurred by Shearin. Those obligations constitute "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Williams & Fudge regularly "uses instrumentalit[ies] of interstate commerce [and] the mails" in its business. 15 U.S.C. § 1692a(6). Williams & Fudge routinely makes telephone calls to Virginia citizens and uses the U.S. mail to contact Virginia citizens.

8. At all times relevant to this case, Williams & Fudge has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6), because its principal purpose is the collection of debts.

9. On March 7, 2017, a representative of Williams & Fudge, who identified himself as "Alonzo Lumpkin" ("Lumpkin") contacted Amy Butler ("Butler") by telephone. Butler is the girlfriend of Shearin's brother, Brandon Shearin. Lumpkin stated that he was from Williams & Fudge and was trying to contact Shearin and had previously left his number with Shearin. Lumpkin then asked if Shearin was at work and where Shearin worked. Butler refused to state whether Shearin was at work or provide the identity of Shearin's employer. Lumpkin then asked Butler to pass the substance of the conversation on to Shearin, provided 804-326-1219 as a call back number, and asked Butler to tell Shearin to contact him immediately.

10. Shearin has never provided his consent to Williams & Fudge to allow it to communicate with any third-party about his student loan obligations.

11. No court of competent jurisdiction has authorized Williams & Fudge to communicate with third-parties regarding Shearin's student loan obligations.

12. Williams & Fudge was not seeking a post-judgment judicial remedy in communicating with Butler.

13. Williams & Fudge was not seeking to acquire location information about Shearin when Lumpkin called Butler on March 7, 2017, as permitted by 15 U.S.C. § 1692b.

14. 15 U.S.C. § 1692c(b) provides as follows:

    **Communication with third parties**

    Except as provided in in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

    *Id.*

15. Williams & Fudge violated 15 U.S.C. § 1692c(b) by contacting Butler in connection with the collection of Shearin's student loan obligations.

16. As a proximate result of Williams and Fudge's breaches of the FDCPA, Shearin suffered emotional distress, annoyance, aggravation, inconvenience, anxiety, embarrassment, humiliation, loss of self-esteem, worry, fear, and loss of privacy.

17. Because of the facts set forth in this Count of this complaint, Shearin is entitled to entry of a judgment in his favor against Williams & Fudge for actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A) and costs and reasonable attorney's fees

pursuant to 15 U.S.C. §§ 1692k(a)(3).

## VI.     Request for Trial by Jury

18.     Shearin calls for trial by jury.

## VII.     Conclusion

WHEREFORE, Shearin prays that the Court enter a judgment for actual and statutory damages against Williams & Fudge; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the judgment rate; and such other relief as the Court deems just and proper.

Respectfully submitted,

**MICHAEL KYLE SHEARIN,**

By     /s/ Drew D. Sarrett
                    Counsel

Drew D. Sarrett (VSB No. 81658)
The Sarrett Law Firm, PLLC
513 Forest Avenue, Suite 205
Richmond, Virginia 23229
Phone: (804) 303-1951
Fax: (804) 250-6005
E-mail: drew@sarrettlawfirm.com
*Counsel for Plaintiff(s)*